# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOE HAND PROMOTIONS, INC.,     )
          )
     **Plaintiff,**     )
          )
v.     )     **Case No. CIV-25-183-G**
          )
ZAINA RESTAURANT, INC. d/b/a     )
ZAMZAM MEDITERRANEAN GRILL     )
et al.,     )
          )
     **Defendant.**     )

## ORDER

Plaintiff Joe Hand Promotions, Inc. initiated this action on February 11, 2025, seeking damages from Defendants Zaina Restaurant, Inc. d/b/a ZamZam Mediterranean Grill ("Zaina") and Yousef H. Elyassin. *See* Compl. (Doc. No. 1). Now before the Court are Defendant Elyassin's Motion to Dismiss (Doc. No. 10) and Plaintiff's Response in opposition (Doc. No. 12).

### I.    *Plaintiff's Allegations*

The Complaint alleges that Plaintiff is a corporation "that specializes in distributing and licensing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations." Compl. ¶ 6. Defendant Zaina "operates, maintains and controls the establishment known as ZamZam Mediterranean Grill" ("ZamZam") in Warr Acres, Oklahoma. *Id.* ¶ 4. On the relevant dates, Defendant Elyassin: was an owner of Zaina; operated, maintained, and controlled ZamZam; and "had a right and ability to supervise the activities of" ZamZam. *Id.* ¶ 5.

Plaintiff held the exclusive commercial license to distribute and authorize the public display of the nationwide telecasts of *Ultimate Fighting Championship*® Nos. 284, 285, 287, and 288 (the "Programs") to businesses such as ZamZam. *Id.* ¶¶ 3, 7. Defendants "took affirmative steps to circumvent the commercial sublicensing requirement and unlawfully obtained each of the Programs via a satellite signal or, in the alternative, via a cable signal." *Id.* ¶ 10. Plaintiff alleges that Defendants: willfully engaged in wrongful acts to intercept and/or receive the Programs for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper commercial sublicenses; knew, or should have known, the interception and/or receipt and exhibition of the Programs at ZamZam was not authorized; intentionally pirated or assisted in the intentional piracy of the Programs for the sole purpose of their own economic gain; and exhibited the Programs for the commercial purpose of attracting paying customers, patrons, and guests, thereby wrongfully benefiting financially by infringing upon Plaintiff's rights. *Id.* ¶¶ 12-14. "Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit any of the Programs" at ZamZam. *Id.* ¶ 15.

II.    *Standard of Review*

Defendant Elyassin seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. to Dismiss at 1-3. In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to

dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.    *Discussion*

Plaintiff alleges that, on account of their willful and unauthorized exhibitions of the Programs, Defendants are liable for satellite piracy under 47 U.S.C. § 605 or, alternatively, for cable piracy under 47 U.S.C. § 553. *See* Compl. ¶¶ 18-23.

Section 605 "prohibits the publication of any unauthorized interception or receipt of any wire or radio communication," as well any communication transmitted by satellite. *G&G Closed Cir. Events, LLC v. Alvarez*, No. CIV-20-392-SLP, 2020 WL 12772099, at *1 n.3 (W.D. Okla. Aug. 5, 2020) (internal quotation marks omitted). Section 553 "prohibits the unauthorized interception or receipt of any communications service offered over a cable system." *Id.* (internal quotation marks omitted). To establish liability under

either statute, "a plaintiff must prove that a defendant unlawfully exhibited, published or divulged a privileged communication and the signal transmitting that communication was delivered to the intercepting party by way of a satellite or cable transmission." *J & J Sports Prods., Inc. v. Brady*, No. CIV-15-454-HE, 2016 WL 8650479, at *1 (W.D. Okla. Mar. 23, 2016) (alterations and internal quotation marks omitted).

Defendant Elyassin's Motion does not cite or discuss §§ 605 and 533 or the requirements to plead violation of these statutes. Instead, Defendant Elyassin argues that Plaintiff fails to state an actionable negligence claim under Oklahoma law and that Plaintiff may not bring suit against Defendant Elyassin under Oklahoma law based solely upon Defendant Elyassin's supervisory role at ZamZam. *See* Def.'s Mot. to Dismiss (citing Okla. Stat. tit. 12, § 682(B)). Defendant Elyassin's focus upon whether Plaintiff has plausibly pleaded nonexistent state-law claims entirely ignores the federal claims expressly identified in the Complaint as the basis for Defendants' alleged liability. *See* Compl. ¶¶ 1, 20-23. Stated differently, the Motion to Dismiss fails to explain why the pleading allegations, if true, would not show that Defendant Elyassin "unlawfully exhibited . . . a privileged communication" delivered via satellite or cable. *J & J Sports Prods.*, 2016 WL 8650479, at *1 (internal quotation marks omitted); *see also J & J Sports Prods., Inc. v. Brown*, No. CIV-08-482-M, 2009 WL 3157369, at *3 (W.D. Okla. Sept. 29, 2009) ("[F]or an individual defendant to be vicariously liable, the plaintiff must show that the individual defendant had a right and ability to supervise the violations and that he had a strong financial interest in such activities." (internal quotation marks omitted)). Defendant

4

Elyassin therefore has not shown that he is entitled to dismissal under Federal Rule of Civil

Procedure 12(b)(6).

CONCLUSION

Defendant Yousef H. Elyassin's Motion to Dismiss (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 13th day of February, 2026.


_____
CHARLES B. GOODWIN
United States District Judge